### BACHMANN v. PAUL WEIDMANN BREWING CO.

(Supreme Court, Appellate Division, Second Department.   March 13, 1903.)

1. COLLISION IN STREET—NEGLIGENCE OF DRIVER—CONTRIBUTORY NEGLIGENCE.
   The driver of a brewery truck, when within about 40 feet of a street crossing, whipped up his horses, and the driver of a butcher's wagon attempting to cross in front of the truck was injured in the ensuing colli-. sion. *Held*, that the question whether the driver of the butcher's wagon

¶ 1. See Highways, vol. 25, Cent. Dig. § 473.

was guilty of contributory negligence in attempting to cross in front of the brewery truck was a question for the jury.

2. PERSONAL INJURIES—EXCESSIVE VERDICT—REVIEW.

The modern tendency is against interfering with the jury in its determination of the amount of damages for personal injuries; and, where the verdict is not so far excessive as to warrant the conclusion that the jury was actuated by improper motives, it will not be disturbed.

Goodrich, P. J., dissenting.

Appeal from Trial Term, Kings County.

Action by Joseph Bachmann against the Paul Weidmann Brewing Company. From a judgment for plaintiff, and from an order denying defendant's motion for a new trial, it appeals. Affirmed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and HOOKER, JJ.

Grant C. Fox, for appellant.
James C. Cropsey, for respondent.

PER CURIAM. This is an action to recover damages for a personal injury alleged to have been sustained from the negligence of the defendant's driver. The accident occurred on the 21st day of November, 1899, at the intersection of Washington and Greene avenues, borough of Brooklyn. The plaintiff was driving a butcher wagon eastward on Greene avenue, and as he was crossing Washington avenue his wagon was struck by the defendant's brewery truck, which came down Washington avenue from the north. There is evidence in the case from which the jury might properly infer that when the plaintiff was about 20 feet from Washington avenue the brewery truck was at least 100 feet from Greene avenue. The plaintiff saw this situation, and appears to have acted upon the not unreasonable supposition that he had time to cross in safety. At the same time there was an express wagon on Greene avenue, going in the opposite direction to the plaintiff; and the driver of this vehicle, who was about the same distance from the crossing, appears to have acted upon the same theory. The driver of the brewery truck, when within about 40 feet of the crossing, whipped up his horses, and again when they were within 10 feet of the crossing, and there is no suggestion on the part of the defendant that this conduct on the part of its driver did not constitute actionable negligence. The defendant, however, insists that it was contributory negligence on the part of the plaintiff to attempt to drive across in front of the approaching brewery truck in view of the conduct of its own driver. The evidence details the situation at this street intersection, where the rights of the parties were equal, and it presents a question of fact, which it was the province of the jury to determine. The facts have been found in favor of the plaintiff, and with this determination this court is not justified in interfering.

It is urged that the judgment for $10,521.20 is excessive, and a large number of cases in which lesser verdicts have been sustained, and in which the court has modified the judgment, are called to our attention. The modern tendency, however, is against interfering with the jury in determining the amount of damages, and the verdict in this case is not

so far excessive as to warrant the conclusion that the jury was actuated by improper motives in reaching its verdict.

We have examined the exceptions urged in reference to the admission and exclusion of evidence, but do not find reversible error. The trial seems to have been conducted with all due regard to the rights of the defendant, and the plaintiff should not longer be withheld from his rights.

The judgment and order appealed from should be affirmed, with costs.

GOODRICH, P. J., dissents.